UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
---------------------------------------------------------------------------X
JEICKSON TORRES,

                                 Plaintiff,                    CIVIL ACTION NO.

                     -against-                           COMPLAINT

PROUDLIVING COMPANIES LLC, THOMAS CALECA,
and ANDREW BROWN,

                                Defendants.
---------------------------------------------------------------------------X

      Plaintiff Jeickson Torres ("Torres" or "Plaintiff"), by his attorneys, Katz Melinger PLLC, complaining of the defendants ProudLiving Companies LLC ("ProudLiving"), Thomas Caleca ("Caleca"), and Andrew Brown ("Brown") (collectively, "Defendants"), respectfully alleges as follows:

## NATURE OF ACTION, JURISDICTION, AND VENUE

      1.    This is an action seeking equitable and legal relief for Defendants' violations of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201, *et seq*. ("FLSA"), the New Jersey Wage and Hour Law 34:11-56(a) *et seq*. ("NJSA"), and the New Jersey Wage Payment Act 34:11-4.1, *et seq.* ("NJSA").

      2.    This Court has jurisdiction pursuant to 28 U.S.C. § 1331 in that this is an action arising under the FLSA.

      3.    This Court has supplemental jurisdiction over the claims arising under the New Jersey Wage and Hour Law and the New Jersey Wage Payment Act pursuant to 28 U.S.C. § 1367, in that the state law claims are so closely related to Plaintiff's FLSA claims as to form the same case or controversy under Article III of the United States Constitution.

4. Venue is proper in this judicial district under 28 U.S.C. § 1391, as a substantial part of the events and omissions giving rise to the claims occurred in this judicial district, and Defendants conduct business through their employees, including Plaintiff, within this judicial district.

## PARTIES

5. Plaintiff is an individual residing in the state of New Jersey.

6. Defendant ProudLiving is a domestic limited liability company with its principal place of business located at 235 South Harrison Street, Suite 100, East Orange, New Jersey 07018.

7. Upon information and belief, ProudLiving owns and manages real estate, with a focus on multifamily and mixed-use real property, throughout the state of New Jersey.

8. Defendant Caleca is an individual residing, upon information and belief, in the state of New Jersey.

9. Defendant Brown is an individual residing, upon information and belief, in the state of New Jersey.

10. At all relevant times, Caleca and Brown were, and still are, owners of ProudLiving.

11. Upon information and belief, at all relevant times, Caleca and Brown were and still are officers, directors, shareholders and/or persons in control of ProudLiving.

12. At all relevant times, Caleca and Brown were and still are senior management level employees of ProudLiving, who exercised significant control over the companies' operations and had the authority to hire, fire, and discipline employees, set employees' work schedules and conditions of employment, determine the rate and method of payment for employees, and maintain employment records.

13. Upon information and belief, at all relevant times, Defendants were responsible for setting Plaintiff's schedules and day-to-day activities and for supervising his performance.

14. Upon information and belief, at all relevant times, Defendants had the power to discipline and terminate Plaintiff.

15. Upon information and belief, at all relevant times, Defendants were responsible for compensating Plaintiff.

16. At all relevant times, Plaintiff was employed by Defendants as defined by FLSA §§ 203 (d) and (e), and NJSA 34:11-56a.1(h) and 34:11-4.1(b).

17. Upon information and belief, ProudLiving's annual gross revenues are in excess of $500,000.00.

18. Upon information and belief, Defendants operate in interstate commerce.

19. All Defendants are subject to suit under the statutes alleged above.

## FACTUAL ALLEGATIONS

20. ProudLiving employed Plaintiff as a building superintendent from on or about June 1, 2016 until on or about May 23, 2018.

21. As a building superintendent, Plaintiff's principal job duties included cleaning the areas outside of each building; shoveling snow outside of the buildings in the winter; sweeping the floors of the buildings; painting; fixing and installing appliances; removing trash from the buildings; responding to emergencies as necessary; and various other tasks in order to provide a pleasant and functional space for residents of Defendants' buildings to live.

22. Plaintiff was responsible for performing these duties at approximately forty (40) different buildings, mostly in northern New Jersey, that were owned and/or operated by Defendants.

23. From on or about June 1, 2016 until on or about October 31, 2016, Plaintiff's regularly scheduled hours of work were Monday through Friday, from 8:00 a.m. until either 7:00 p.m. or 9:00 p.m., depending on the day, with a one (1) hour lunch break approximately twice per week, for an average of approximately fifty-eight (58) hours per week.

24. From on or about November 1, 2016 until on or about July 31, 2017, Plaintiff's regularly scheduled hours of work were Monday through Friday, from 8:00 a.m. until 5:00 p.m., with a one (1) hour lunch break approximately twice per week, for an average of approximately forty-three (43) hours per week.

25. Between on or about August 1, 2017 and on or about May 23, 2018, Plaintiff's regularly scheduled hours were also Monday through Friday, from 8:00 a.m. until 5:00 p.m., but Plaintiff began taking a one (1) hour lunch break each workday, bringing his average regularly-scheduled work hours to approximately forty (40) per week.

26. However, throughout his employment, Plaintiff was required to be on call and to perform duties, such as responding to emergencies and making repairs in tenants' apartments, outside of his regularly scheduled work hours.

27. Plaintiff estimates that, from on or about June 1, 2016 until on or about July 31, 2017, Plaintiff performed on-call duties Monday through Friday outside of his regularly scheduled work hours between three (3) to six (6) times per week, for approximately three (3) hours on each occasion, for an average of an additional thirteen and one-half (13.5) hours per week.

28. Plaintiff also spent at least thirty (30) minutes every Tuesday and Thursday outside of his normal work hours removing trash from the buildings for collection, for an average of an additional one (1) hour of work per week.

29. Plaintiff also estimates that he worked two (2) Saturdays per month, for approximately two (2) to three (3) hours each, for an average of one and one-quarter (1.25) additional hours of work per week.

30. Including the aforementioned tasks that Plaintiff performed outside of his regularly scheduled work hours, Plaintiff estimates that he worked approximately seventy-three and three-quarter (73.75) hours per week between on or about June 1, 2016 and on or about October 31, 2016; fifty-eight and three-quarter (58.75) hours per week between on or about November 1, 2016 until on or about July 31, 2017; and forty-two and one-quarter (42.25) hours per week between on or about August 1, 2017 and on or about May 23, 2018.

31. Throughout his employment, Defendants paid Plaintiff a fixed weekly salary, regardless of the number of hours Plaintiff worked, as follows: $400.00 per week from on or about June 1, 2016 until on or about December 1, 2016; $500.00 per week from on or about December 2, 2016 until on or about January 1, 2017; $700.00 per week from on or about January 2, 2017 until on or about December 31, 2017; and $900.00 per week from on or about January 1, 2018 until on or about May 23, 2018.

32. Based on Plaintiff's weekly salary and the number of hours he worked, Plaintiff did not receive at least the applicable minimum wage rate for all hours worked from on or about June 1, 2016 through on or about December 1, 2016.

33. Moreover, Plaintiff's weekly salary only compensated Plaintiff for the first forty (40) hours of work that Plaintiff performed each week.

34. Plaintiff and Defendants did not discuss, nor did Plaintiff expressly agree, that Plaintiff's weekly salary was intended to compensate Plaintiff for all hours worked in a workweek.

35. Therefore, Defendants failed to compensate Plaintiff for any work performed in excess of forty (40) hours per week.

36. Defendants provided Plaintiff with a one-bedroom apartment, including utilities and a parking space, in one of the buildings owned by Defendants as a condition of Plaintiff's employment.

37. Pursuant to 29 U.S.C. § 203(m), Plaintiff's wages, and therefore his regular rate of pay, includes the cost to Defendants of furnishing Plaintiff with board, lodging, or other facilities, such as Plaintiff's apartment and parking space.

## AS AND FOR A FIRST CAUSE OF ACTION
(*Minimum Wage Violations under the FLSA*)

38. Plaintiff repeats and realleges all prior allegations set forth above.

39. Pursuant to the applicable provisions of the FLSA, Plaintiff was entitled to receive the statutory minimum hourly wage for all hours worked.

40. Defendants knowingly failed to pay Plaintiff the statutory minimum wage for all hours worked between on or about June 1, 2016 and on or about December 1, 2016.

41. As a result of Defendants' violations of the law and failure to pay Plaintiff the required minimum wages, Plaintiff has been damaged and is entitled to recover from Defendants all minimum wages due, along with all reasonable attorneys' fees, interest, and costs.

42. As Defendants did not have a good faith basis to believe that their failure to pay minimum wages was in compliance with the law, Plaintiff is entitled to additional damages equal to one hundred percent (100%) of all wages due to him ("liquidated damages").

43. Judgment should be entered in favor of Plaintiff and against Defendants on the First Cause of Action in the amount of Plaintiff's unpaid wages, liquidated damages, attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

## AS AND FOR A SECOND CAUSE OF ACTION
*(Overtime Violations under the FLSA)*

44.     Plaintiff repeats and realleges all prior allegations set forth above.

45.     Pursuant to the applicable provisions of the FLSA, Plaintiff was entitled to overtime compensation of one and one-half times his regular hourly rate of pay for all hours worked in excess of forty (40) hours per workweek.

46.     Plaintiff regularly worked in excess of forty (40) hours per workweek during his employment with Defendants.

47.     Throughout the relevant time period, Defendants knowingly failed to pay Plaintiff overtime wages of one and one-half times his regular hourly rate of pay for each hour worked in excess of forty (40) hours in a workweek.

48.     Instead, Defendants compensated Plaintiff at a fixed weekly salary regardless of the number of hours he worked each week, and failed to provide Plaintiff with overtime wages for all hours worked in excess of forty (40) hours per workweek.

49.     As a result of Defendants' violations of the law and failure to pay Plaintiff the required overtime wages, Plaintiff has been damaged and is entitled to recover from Defendants all overtime wages due, along with all reasonable attorneys' fees, interest, and costs.

50.     As Defendants did not have a good faith basis to believe that their failure to pay overtime wages was in compliance with the law, Plaintiff is entitled to liquidated damages.

51.     Judgment should be entered in favor of Plaintiff and against Defendants on the Second Cause of Action in the amount of Plaintiff's unpaid overtime wages, liquidated damages, attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

## AS AND FOR A THIRD CAUSE OF ACTION
*(Minimum Wage Violations under the New Jersey Wage and Hour Law)*

52. Plaintiff repeats and realleges all prior allegations set forth above.

53. Pursuant to the applicable provisions of the NJSA 34:11-56a(4), Plaintiff was entitled to receive the statutory minimum hourly wage for all hours worked.

54. Defendants knowingly failed to pay Plaintiff the statutory minimum wage for all hours worked between on or about June 1, 2016 and on or about December 1, 2016.

55. As a result of Defendants' violations of the law and failure to pay Plaintiff the required minimum wages, Plaintiff has been damaged and is entitled to recover from Defendants all minimum wages due, along with all reasonable attorneys' fees, interest, and costs.

56. Judgment should be entered in favor of Plaintiff and against Defendants on the Third Cause of Action in the amount of Plaintiff's unpaid wages, liquidated damages, attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

## AS AND FOR A FOURTH CAUSE OF ACTION
*(Overtime Violations under the New Jersey Wage and Hour Law)*

57. Plaintiff repeats and realleges all prior allegations set forth above.

58. Pursuant to the applicable provisions of NJSA 34:11-56(a)(4), Plaintiff was entitled to overtime pay of one and one-half times his regular hourly rate of pay for all hours worked in excess of forty (40) hours per workweek.

59. Plaintiff regularly worked in excess of forty (40) hours per workweek during his employment with Defendants.

60. However, Defendants knowingly failed to pay Plaintiff overtime wages of one and one-half times his regular hourly rate of pay for each hour worked in excess of forty (40) hours per workweek.

61. Instead, Defendants compensated Plaintiff at a fixed weekly salary regardless of the number of hours he worked each week, and failed to provide Plaintiff with overtime compensation for all hours worked in excess of forty (40) per workweek.

62. As a result of Defendants' violations of the law and failure to pay Plaintiff the required overtime wages, Plaintiff has been damaged and is entitled to recover from Defendants all overtime wages due to him, along with all reasonable attorneys' fees, interest, and costs.

63. As Defendants did not have a good faith basis to believe that their failure to pay overtime wages was in compliance with the law, Plaintiff is entitled to liquidated damages.

64. Judgment should be entered in favor of Plaintiff and against Defendants on the Fourth Cause of Action in the amount of Plaintiff's unpaid overtime wages, liquidated damages, attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

## AS AND FOR A FIFTH CAUSE OF ACTION
*(Failure to Timely Pay Wages in Violation of the New Jersey Wage Payment Law)*

65. Plaintiff repeats and realleges all prior allegations.

66. At all relevant times, Defendants failed to pay Plaintiff the full amount of wages due to him, including overtime wages, at least twice during each calendar month, on regular pay days designated in advance, in violation of NJSA 34:11-4.2.

67. Defendants also failed to pay Plaintiff all wages due to him, including overtime wages, not later than the regular payday for the pay period during which he last worked for Defendants, in violation of NJSA 34:11-4.3.

68. As a result of Defendants' violations of the law and failure to pay Plaintiff all wages due to him, including overtime wages, in a timely manner, Plaintiff has been damaged and is entitled to recover from Defendants all unpaid wages, along with interest and costs.

69. Judgment should be entered in favor of Plaintiff and against Defendants on the Fifth Cause of Action in the amount of Plaintiff's unpaid wages, interest, costs, and such other legal and equitable relief as this Court deems just and proper.

**WHEREFORE** Plaintiff prays for relief as follows:

a) on the First Cause of Action for all overtime wages due to Plaintiff, liquidated damages, and reasonable attorneys' fees in an amount to be determined by this Court;

b) on the Second Cause of Action for all overtime wages due to Plaintiff, liquidated damages, and reasonable attorneys' fees in an amount to be determined by this Court;

c) on the Third Cause of Action for all unpaid minimum wages due to Plaintiff, liquidated damages, and all reasonable attorneys' fees, in an amount to be determined by this Court;

d) on the Fourth Cause of Action for all unpaid minimum wages due to Plaintiff, and all reasonable attorneys' fees in an amount to be determined by this Court;

e) on the Fifth Cause of Action for all wages due to Plaintiff;

f) interest;

g) costs and disbursements; and

h) such other and further relief as is just and proper.

Dated: New York, New York
       June 27, 2018

/s/ Adam Sackowitz
Adam Sackowitz
Katz Melinger PLLC
280 Madison Avenue, Suite 600
New York, New York 10016
(212) 460-0047
ajsackowitz@katzmelinger.com
*Attorneys for Plaintiff*